Good morning, and may it please the Court. Gregory Keenan of the Digital Justice Foundation appearing on behalf of Appellant Superama. I'd like to reserve three minutes, if I may. All right. It's always aspirational, these reservations of time, but please keep your If you can adjust the microphone and keep your voice up, please. Of course, Your Honor. Thank you. The order below committed two central errors. First, regarding domestic application of Section 1201. Oh, just a minute. Did we lose Judge Graber? I'm listening, but I have to do something that I don't want everybody to see. As long as she can hear. As long as you're okay, Judge Graber. I am okay. We don't like missing you, but if you're glad to get out of here, that's fine with us. No, I'm still here. Thank you. All right. Sorry for that interruption, Counsel. Go ahead. Thank you. The order below committed two central errors. First, regarding the question of domestic application of Section 1201. In this case, the Court held below that a hack into the United States targeting a U.S. server and U.S. protection measures protecting a U.S. work was not a domestic application of 1201, and we think that might be the easiest grounds for reversal, because even applying the District Court's own... But why isn't that just conclusory? I don't think that that says anything. Why is that not just conclusory? Hacking techniques. I mean, to me, it's conclusory to say that TBS applied the hacking techniques to Super Ama's servings in the United States circumventing their U.S.-based protection in order to permit a streamlined and unauthorized download of work. That's as conclusory as I've ever heard. Why shouldn't I just say, throw it out? We've got to have more than that. Because, frankly, hacking techniques is nothing more than an element of circumvention. Two reasons, Your Honor. So, first of all, the operative distinction drawn below, the tort under the statute is the circumvention, the breaking into... I understand. Yes. But to say hacking techniques, I don't see Seigner saying anything different than circumvention. You're not putting anything here except a conclusory allegation, at best. So the complaint and the order below both draw the following factual aspects of this case to the fore, and then raises a broad ruling of law. So the factual aspect is that the works were only available on YouTube, and YouTube does not permit downloads, absent a breaking of technological measures that prevent downloads. We don't know what those technical measures are, so I'm not unsympathetic to the district court's criticism as to how bare bones this is. Like Judge Smith said, this is as bare bones of a complaint as I've ever seen. I've read many, many complaints. So the district court, though, didn't give you an opportunity to amend. Do you have additional allegations, assuming amendment were to be granted? Yes. We asked to be able to amend because there was concern about whether or not there were sufficient facts about the technological measures and protections. The district court denied that. And it said, because it was facially saying, as a matter of law, we're not willing to accept plaintiff's theory that the location of the circumvention occurs where the information is stored. So the court wasn't ruling. Although the court raised some concerns, and we asked for the opportunity to amend to flesh out the technology there, the court wasn't basing its ruling on whether or not we had sufficiently alleged technological measures. But you have additional allegations regarding technological measures. There's some bleak reference to the fact that, well, YouTube's put technological measures in place that would prevent circumvention. I don't know what those measures are because you didn't lay it out. And, you know, in fairness to the district judge, there is Twombly and Iqbal, and the district court has to engage in the allegations to determine plausibility. And I'm looking at the district court's decision here. And the district court said the conclusory nature of the technical allegations in the complaint emphasized that even if the court was willing to engage in the nuances of plaintiff's argument, it would not be able to do so given the lack of details alleged about how the circumvention took place. So my question to you is, if the district court had permitted amendment, would you have additional allegations on how the circumvention took place? Because if YouTube, if you can stream it anywhere in the world, if you can stream it in Japan, I don't know that that would be sufficient for circumvention. So the details of this hacking, and I think you said stream ripping, I'm not that technological, and that's why I'm at the complaint. I can't tell from the complaint how the circumvention of these technical measures took place. I don't even know what the technical measures are. Can I just answer that question? And there's two answers, and I'll try and make them very quick. One is, yes, we could absolutely amend the complaint if permitted the opportunity to explain in more detail, both from technological explanations on YouTube itself, as well as elsewhere. But more importantly, it highlights the central legal dispute. Is the focus of the statute on YouTube's protection technology or on the hacking technology? And our position is that the statute is on the protection technology, not the hacking technology. The district court erred by holding that the focus of 1201 is on the hacking technology. So respectfully, the allegations that would need to be added if there are concerns about the technology is not about the hacking technology. It is about the protection technology. That is what the language of Section 1201 is focused on expressly. So that's the central legal dispute. We would pause it on appeal. The problem comes, and I'm sympathetic with my colleague's position because as I read through this complaint, it seems self-contradictory in itself because it talks about TBS hacking Superama servers in the United States. And then it also alleges TBS ripped the copyright works from YouTube, but not directly from Superama, I assume. Further, it alleges Superama relied upon a number of technological exploitation restriction measures to control and limit how, when, and by whom its copyright-protected content could be viewed, and that TBS circumvented these restriction measures after TBS had already ripped the copyright works from the YouTube. What that says to me is TBS downloaded the YouTube in Japan and then only circumvented the measures after it had already done it. So that's contrary to what was said in the first clause. So that's why I said that's conclusory. Sure. When I read what you said, it doesn't say anything about doing anything here at all. And respectfully, and very respectfully, that reading rests on just a completely fallacious assumption that no one, including the district court, would disagree with. Your Honor is assuming that you can download without circumventing. Well, but I'm only reading your complaint. We talk about circumvention that occurs before the download occurs, and both the order itself and the complaint talks about, including the the the judicially noticed. Well, what you read, what you wrote, was that TBS circumvented these restriction measures after TBS had already ripped the copyright works from the YouTube. That's right off your complaint. I understand. I didn't. No, I understand. I didn't get that myself. I'm not that smart on all that stuff. I'm reading your stuff. I understand that, Your Honor. There's two different circumventions that are occurring. One, which is an absolutely logically necessary precursor to any download, occurred from the U.S. server. And the question presented, as identified Appellant's own brief, was there is no dispute that that's a question that they hacked into the U.S. server. Defendant is not disputing they hacked into the U.S. server because they could not make the download without that. Then, after they did that and downloaded in Japan, there is subsequent reformatting of the file, which is a separate act of separate circumventions. But the U.S. Be really good if you'd lay all that out in your complaint. And we would absolutely love the chance to amend it as we asked for. And if that's going to be the basis of this court's ruling, we would very respectfully ask for the opportunity to amend the complaint. And you asked the district judge for the opportunity? And denied? Yes. Was it appealed here? Was that denial appealed? He didn't give us a chance because of the basis of the ruling, which was engaging a legal question. I mean, all I'm doing is getting legal now. I'm not trying to give you the business. I'm just trying to say it seems to me that it would have been much better if we didn't have conclusory allegations here. And I'm like a colleague. I don't know what you would have said because I found you'd be disagreeing with what you pled already. I would just respectfully ask the U.S. the other side whether or not it is their position that they could have even downloaded or, in fact, did here on these allegations download from YouTube without hacking into the U.S. YouTube server. I would say their own brief takes the position they don't, and they are not going to be able to in good faith, even with this complaint as written. It goes back to my problem. I don't know what hacking you're talking about. If, in fact, this is available for downloading or streaming anywhere in the world, and they downloaded it in Japan and captured it there, I think you wouldn't have a case for circumvention domestically, which is why the technological measures that you're vaguely referencing are really important when you're talking about hacking. Can I ask your honors a question? No, you're not here to ask questions. I'm sorry. You're here to answer questions. Fair enough. I apologize. Maybe we could move to the dismissal jurisdictional. Is the dismissal jurisdictional? The court held that it was a lack of subject matter jurisdiction. Do you agree with that? Jurisdiction is a fairly vague term that's used inconsistently. Well, I know that, but I'm asking for your position. I mean, they said that because they dismissed that it was jurisdictional and therefore over. Over and dismissed without prejudice. Right. Yes, Your Honor, I believe we would say that it is a jurisdictional dismissal. Okay, but you want to save the rest of your time? Yes, but could I be permitted to just use 30 seconds of it now and cut into my rebuttal time? Sure. If you want to use your time, it's yours. I appreciate that. Just very quickly, I would stress that even on this complaint, there is no dispute that there had to be a hack into the U.S. servers at YouTube, and the question under the statute and under the law is not about the hacking technology. It is about the protection of the technologies that are undisputably there and undisputably in the U.S. So with that, thank you very much for your time. All right. Thank you. Good morning, Your Honors. May it please the Court, I'm Bill Holbrow, here representing the complaint. I think perhaps I'm viewing it differently than my colleagues have suggested that they're viewing it. In terms of notice pleading rather than detailed pleading, there is an allegation that all the actual physical hacking activity took place in the United States. They applied hacking techniques to servers located in the Central District of California, and it says that although the download violated Japanese law, the actual hacking and ripping of the video occurred in the United States. And in terms of notice pleading, I'm not really sure why that isn't sufficient to state that physical activity took place in the United States that led to the commission of the tort in question, statutory violation in question. Yes, thank you, Your Honor. Well, I think the way to answer that is probably twofold. One, the language is hopelessly vague in terms of what they allege happened, so it's hard to comment on that. Then the answer to that is something to ask them to make more definite and certain. But it isn't to say, well, just because they've said it happened in the United States, we have to take that as true, do we not? Well, I think that brings me to my second point, Your Honor, and that is that there's no dispute that everything in terms of the conduct of Pele occurred in Japan. Let me give you an analogy, and you could tell me why this doesn't work. Let's say someone brings a defamation case because the local paper has published something false and defamatory about them that was sent in by a Japanese citizen in Japan who has never set foot in the United States, but the wrong occurs in the United States. Why isn't that similar to this, where someone is not located here, but they're committing a wrong here in spite of that? Well, I think they're very distinguishable, Your Honor. The defamation, the Japanese citizen or whoever reached out and took advantage of the local newspaper or wherever the statement was printed. So the harm is that they've reached out and touched the servers located in the Central District of California. Why is that different? Because the circumvention, which is what's the subject of 1201, took place in Japan. That's where the action took place. As the Court knows, this is the second time we've been here under the same facts. And previously, a plaintiff or appellant had argued that the downloading necessarily took place on the American-based servers because that's technologically how it occurred. And this Court concluded that that doesn't matter, even if because the primary conduct took place in Japan. The same thing applies here. That was a different claim with different legal requirements. So that doesn't question here. Well, I think it is applicable, Your Honor, because otherwise you have a very conflicting set of decisions. If the Court finds that even though a copy was made on the server prior to it being delivered to Japan, and that doesn't constitute sufficient activity in California, then the same is applicable to the circumvention, which also took place in Japan. Copyright occurs where the copy is made public, if you will. They've made use of it. And that was in Japan. But the circumvention can occur here. So different claims can have different results, depending on what activity constitutes the gravamen of the wrong. I understand that. But the plaintiff or the appellant in the previous case argued that a copy was made in the United States, which does violate Section 106 of the Copyright Act. And the Court found that assuming that to be true, it's still not sufficient contact in the United States to overcome the strong preference for preventing exitorial application of the Copyright Act. Similarly, there's an HP Products case, which we cited, which was a ripping case off a stream. And the Court there concluded that even though you looked to where the computer was located that was doing the ripping, not where the Amazon server was, which was presumably in the United States. Let me ask you this. Even if we agree with your view that the allegations are too bare bones to figure out where the actual circumvention took place, counsels indicated in his remarks that he has additional allegations to offer if an opportunity to amend were to be granted. So why shouldn't he get, at a minimum, an opportunity to amend the complaint? My recollection is they never asked for an opportunity to amend the complaint. There's nothing in the briefing before this Court. I do not believe there's anything in the briefing before the District Court. So that's reason one. Reason two is, as the District Court, Judge Fitzgerald, properly found, was that the... Well, I thought that at the hearing, counsel asked for the opportunity to amend, to allege facts that as a technical matter, the circumvention occurred in the U.S. Okay. We reviewed the briefs. That might be true in the transcript, but it's not before this Court. They did not ask for opportunity to amend in their current briefing. As to the briefs before us, as to the briefs before the District Court, there was no mention of amendment. The only places in the hearing where they asked for the amendment. Yeah, that's why I said my recollection. I reviewed the briefs. I did not review the transcript, but I do know that the current briefing before this Court, they did not ask for an opportunity to amend. So that's one reason. But I think the other reason is, as the Judge Fitzgerald concluded in his well-reasoned opinion, is that even if they articulate what happened in the United States with more specificity, which will be interesting, it doesn't matter because the circumvention took place in Japan at the computer where the person at TBS was working. So regardless of whether they added more claims to specify more details about the hacking, the circumvention occurred in Japan. And that's, as I alluded to, that's supported by the HP Products case and clearly outlined by Judge Fitzgerald in his opinion. I'm just not technological enough to figure out whether there could be technical allegations on technology that would establish circumvention in the U.S. I think the District Court made an assumption that screen ripping is basically browser plug-ins, special websites, the measures that you can download and store for later play. And then there, I think the District Judge made an inference that the circumvention must have occurred in Japan as well, and so therefore amendment would be feasible, essentially. I don't know if that's the case or if there's some other allegations that they could offer. Right. Well, I think what Judge Fitzgerald concluded was there's no dispute in this complaint or the prior complaint regarding where the activity took place. There's no dispute regarding someone coming to the United States and acting as an actor to further the circumvention. All of that is agreed upon that it all occurred in Japan. So then the question becomes, do you have this really kind of anomaly analysis where the ripping can be an actionable offense in the United States, even though everything happened in Japan, but making a copy on a computer in the United States, as this Court previously found, does not open up the door and overcome the extraterritoriality preventions of the Copyright Act. And I think just one example of that would be if Appellant's argument is accurate, it would have the absurd result of if, for example, if let's say a Russian novelist writes a book in Russia, it gets a U.S.-based server to copy it, then the United States would have jurisdiction over that set of facts, which really can't be the case, because that would open up the door to thousands of more cases in the United States. And it's also inconsistent with the conclusion in HP Products and I'm a Pizza, which both had instances of overseas activity where the servers were based in the United States. And in both situations, the Court concluded that it's where the actual conduct took place that's the poignant part of the analysis. So. Right. Thank you. I have no questions. Okay. Judge You have some time left, Counsel. Thank you, Your Honors. I'd just like to pick up with that Russian novelist example that my colleague across the aisle was using. This Court in Blizzard made clear that a violation occurs when a room housing a copyrighted work is broken into. Here there's no dispute, even on the complaint as written, that that work is housed in the U.S. on U.S. servers. So we would just argue that under Blizzard and the statute breaking the U.S.-based YouTube download restrictions, whatever they are, because the statute is technologically flexible and agnostic, states a claim. Additionally, they didn't challenge us based on factual insufficiency below, and the District Court ruled as a matter of law, not saying that we hadn't sufficiently laid out facts for him to be able to understand the claim and engage it. He ruled broadly as a matter of law and did not permit us a chance to amend. So we would just respectfully... But I guess I'm trying to figure out you're up here saying, Judge Smith, let me amend. I went through your complaint. I went through your briefing. I went through everything that you've filed, and I saw nothing in there that said, Judge Smith, let me amend. Somewhat similar to what your colleague is suggesting. In fact, the only place I guess there is where you might have said amend is in a hearing in front of the District Court. That's it. That enough, given my case law, to send this back for amendment? What case do I rely on for that? I think it's just that the parties don't dispute on appeal a Twombly-Iqbal standard. That's not the dispute. And we would just respectfully ask the Court to revisit the allegations and compare it to the precise wording of the statute, because we do think, as stated, without amendment, it states a claim. Well, I know you would suggest that it does, but if I don't, which I laid out exactly what my considerations are that it doesn't, are we through? Respectfully, we were not permitted a chance to amend without dismissal. I think... I think the question is really forfeiture and waiver. If you didn't ask for it, isn't it forfeited or waived? Not if it wasn't decided below we would submit. What do you mean if it weren't decided? You didn't get to amend. You didn't ask, evidently. You didn't do what you had to do, so forfeited. Waived. I'll just say we respectfully disagree, but I understand the Court's concerns on that. I'd also like to just clarify the question about jurisdiction. Our position is not that it's jurisdictional in the Article 3 sense, that the ruling was a 12b1 subject matter jurisdiction. So... Oh, you've changed your mind on that? I apologize for misspeaking previously, and I'll confess that Your Honor had caught me off guard with that question. I didn't have the answer at the time. Our official position is no, it is not an Article 3 jurisdictional concern. I'd also just like to quickly say, even under the facts that the other side is alleging under a recasting, it just raises the question, is this extraterritorial? That's an open question of law at the appellate level, and the use of work protect under this language, which this Court in Blizzard said is not in 106 and is in 1201, that does indicate extraterritorial application. So, thank you very much, Your Honor. Thank you very much, counsel, both sides of your argument. The matter is submitted.
judges: GRABER, SMITH, NGUYEN